Argued and submitted July 20; conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed August 18, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEXANDER TOMAS HARRISON,
aka Alex Tomas Harrison,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR22701; A173014

493 P3d 577

Melvin Oden-Orr, Judge.

Emily P. Seltzer, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Sercombe, Senior Judge.

PER CURIAM

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for first-degree assault, ORS 163.185 (Count 1), and unlawful use of a weapon, ORS 166.220 (Count 2). The jury returned a 10-2 verdict on Count 1 and unanimous verdicts on Count 2 and on whether the offenses involved the use of a firearm. On appeal, defendant raises five assignments of error. He contends that the trial court (1) plainly erred in failing to give a concurrence instruction as to Count 2, and erred in (2) instructing the jury that it could return nonunanimous verdicts, (3) accepting a verdict of 10-2 on Count 1, (4) failing to merge the jury's guilty verdicts on Counts 1 and 2, and (5) imposing a firearm-minimum sentence on Count 2.

The state concedes that the trial court erred in giving a nonunanimous jury instruction and in accepting the jury's nonunanimous verdict on Count 1, necessitating reversal and remand of defendant's conviction on Count 1 only. We agree with and accept the state's concessions. *See Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (Sixth Amendment requires that the jury be unanimous to convict a criminal defendant of a serious offense); *State v. Flores Ramos*, 367 Or 292, 334, 478 P3d 515 (2020) (error in instructing the jury that it could return nonunanimous guilty verdicts did not require reversal of convictions based on unanimous guilty verdicts). Accordingly, on defendant's second and third assignments, we reverse and remand defendant's conviction on Count 1 and remand for resentencing. That disposition obviates the need to address defendant's fourth and fifth assignments of error. We reject defendant's first, unpreserved, assignment of error without further discussion.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.